PLOWMAN & EVE *v.* FRANK E. WILLIAMS.

SALE OF REALTY. *Taxes. Covenant.* Where land is conveyed with a covenant against encumbrances, the bargainor is answerable for all taxes to which the land was subject at the time the covenant was made.

FROM DAVIDSON.

Appeal from the Chancery Court at Nashville. W. F. COOPER, Ch.

T. L. DODD for complainants.

F. E. WILLIAMS for defendant.

DEADERICK, C. J., delivered the opinion of the court.

Under secs. 3450 to 3454 of the Code, the parties to this suit submitted to the determination of the Chancellor the matters in controversy between them.

The following are the material facts agreed upon: Plowman & Eve owned a certain lot on Deaderick street in Nashville, which was sold at auction, at one o'clock P. M., on the first day of April, 1875, for cash, and Williams became the purchaser. The deed bears date 2d April, 1875, but was executed and acknowledged on the 3d of April, 1875. Williams gave his check to T. M. Steger for the purchase money on the 2d of April, which was accepted in payment, but held until the deed was acknowledged on the 3d. The deed was signed on the 3d by Plowman & Eve.

The question on these facts is, by whom should the tax on the lot for the year 1875 be paid? No tender of money or deed was made on day of sale. The chancellor was of opinion that each party should pay one-half of said taxes, and directed an account to ascertain the amount thereof. From this decree Williams has appealed to this court.

The deed is exhibited as part of the agreement, and contains a covenant that the land is unincumbered. Under this covenant, we think Williams is entitled to be protected against any incumbrance constituting a lien or charge upon the lot at the time of the execution and acknowledgment of the deed.

By the 3d section of the act of 1875, ch. 81, lands were to be assessed to the person who is owner or reputed owner on the first day of April of the year of assessment. On that day, under the law, the

lot was liable for the taxes of the year. When sold, it was sold with this liability or incumbrance attached to it. The lien rested upon it for unpaid taxes of that year before it was sold, as well as at the time ·of and after the sale, and if the deed had been made .and the money paid on the day of the sale,' the incumbrance for unpaid taxes then subsisting, and having attached before sale and conveyance, the covenant ·of the deed against incumbrance would have been broken.

We are of opinion, therefore, that the decree should ·be reversed, and a decree rendered here in favor of Williams against Plowman & Eve for the amount of the taxes due for the year 1875. The costs of this ·court and of the chancery court will be paid one-half by complainant and· one-half by defendants.